UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TREMAYNE CARROLL, | ) | CASE NO. CV 17-878-SJO (PJW) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED |
| v. | ) | |
| | ) | |
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, which appears to challenge an October 2016 decision by the Los Angeles County Superior Court denying his petition for resentencing under state Proposition 36. (Petition at 4, 6-8.) Petitioner contends that Proposition 36 is unconstitutionally vague and violates his right to equal protection. (Petition at 6, 8.) From the face of the Petition, it appears that his claims are unexhausted. Furthermore, a check of the state court appellate website, at www.appellatecases.courtinfo.ca.gov, shows that Petitioner currently has an appeal pending in the California Court of Appeal (Case No. B267822).

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus

petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

Because it appears that Petitioner has never presented any of the claims raised in the instant Petition to the California Supreme Court, the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

IT IS THEREFORE ORDERED that, no later than **March 8, 2017**, Petitioner shall inform the Court in writing why this case should not be dismissed for the reasons set forth above. Failure to timely file a response will result in dismissal.

DATED: February 6, 2017

*/s/ Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\CARROLL, T 878\OSC dismiss pet.wpd