UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>         Petitioner,<br><br>         v.<br><br>STATE OF CALIFORNIA,<br><br>         Respondent. | CASE NO. CV 17-878-SJO (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

    Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in which Petitioner, who is currently incarcerated in California State Prison-Los Angeles County, is challenging the Los Angeles County Superior Court's October 2015 denial of his petition for resentencing pursuant to state Proposition 36. (Petition at 2, 5-6.) He contends that Proposition 36 is unconstitutionally vague and violates his right to equal protection. (Petition at 6, 8.)

    Because it appeared from the face of the Petition that Petitioner had not presented his claims to the California Supreme Court (see Petition at 3-8), on February 6, 2017, the Court issued an order to show cause why the Petition should not be dismissed for failure to exhaust. On March 3, 2017, Petitioner filed a response in which he does not address the issue of exhaustion but, instead, contends once

again that Proposition 36 is unconstitutional.  For the following reasons, the Petition is dismissed without prejudice.

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent.  *See Mayle v. Felix*, 545 U.S. 644, 656 (2005).  In doing so, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can dismiss the petition at the outset.  *See* Rule 4, Rules Governing § 2254 Cases.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless a petitioner has first exhausted his state remedies by presenting his claims to the highest court of the state.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011).  Because Petitioner has not presented his claims to the California Supreme Court, the Petition is unexhausted and subject to dismissal.[1]  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Accordingly, the Petition is dismissed without prejudice.  Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will

---

[1]  A search of the California appellate court website shows that Petitioner's appeal of the superior court's ruling is still pending in the California Court of Appeal.  See appellatecases.courtinfo.ca.gov (Case No. B267822).

```
 1  not issue in this action.  See 28 U.S.C. § 2253(c)(2); Fed. R. App. P.
 2  22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).
 3       IT IS SO ORDERED
 4       DATED: March 17, 2017
```

_S. James Otero_

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_Patrick J. Walsh_

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\LA17CV00875-SJO-Order dismissing.wpd

3